IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KADEEM MARCUS GLOVER, | ) |
| | ) Civil Action No. 7:22cv00495 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| VIRGINIA TECH POLICE | ) |
| DEPARTMENT, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| | )          United States District Judge |
| Defendants. | ) |

Plaintiff Kadeem Marcus Glover, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Virginia Tech Police Department and a police officer, as well as the owner and a "supervisor/manager agent" of Top of the Stairs, a bar and restaurant in Blacksburg, Virginia.[1] Glover seeks leave to proceed *in forma pauperis* with this action. Having reviewed Glover's request and his complaint, the court grants his request to proceed *in forma pauperis* and concludes that Glover fails to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

In his complaint, Glover alleges that "[t]he 'Top of the Stairs' agent, familiar with [Glover's] frequent presence and patronage unreasonably pursued [him] (without [him] in eluding conduct) [*sic*]—waited until [Glover's] back was turn[ed], assaulted [him], and caused damage to [his] table, phone, [and] camera[,] in violation of [Glover's] Eig[h]th Amendment and Fourth Amendment [rights] against such trespass." (Compl. at 2 [ECF No. 1].) He also

---

[1] *See* Top of the Stairs, https://www.topofthestairs.com (last visited Oct. 4, 2022).

alleges that "[b]ecause of the assault and property damage, [Glover] was in tears and screaming violation—mere outrage of an instant emotional response—with reckless disregard and deliberate indifference the 'TOTS' business agent call[ed] law enforcement to shutter and punish [Glover's] speech [in] violation against US Constitution First Amendment against restriction and retaliation of speech [*sic throughout*]." (*Id.*) As relief, Glover asks for "corrective justice," declaratory, punitive, compensatory damages, "aggravated damages," and attorney's fees.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Glover does not allege any facts against or conduct committed by the police officer or the owner of Top of the Stairs. He also does not allege any basis for liability of the police department. Finally, it is clear that the owner and the "supervisor/manager agent" of the restaurant/bar are not persons acting under color of state law. As the only facts alleged in the complaint are against the "supervisor/manager agent" of the restaurant/bar and that unnamed person is not a person acting under color of state law, the court concludes that Glover's complaint fails to state a cognizable § 1983 claim and, thus, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to send copies of this Memorandum Opinion and accompanying Order to Glover.

**ENTERED** this 5th day of October, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE